IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| KIMBERLY HARMON,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. 1:20-CV-00460 |
| THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE (TDCJ) AND BRYAN COLLIER, in his official capacity as Executive Director,<br>    Defendants. | §<br>§<br>§<br>§ | |

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION FOR A DIRECTED VERDICT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 50**

Defendants file this Brief in Support of their Motion for a Directed Verdict Pursuant to Federal Rule of Civil Procedure 50, and would respectfully show this court as follows:

Plaintiff brought a claim against Defendants under both the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et. seq. ("ADA") and Section 504 of the Rehabilitation Act 1973, as amended, 29 U.S.C § 794 ("Rehabilitation Act"), alleging she was discriminated against on the basis of her disability. *See* ECF 1 at 9. Plaintiff's Original Complaint requests "prospective injunctive relief" against Bryan Collier "in his official capacity." *Id* at 9. Specifically, Plaintiff requests "reinstatement to the position and benefits she would have held if she had not been terminated." *Id*. Defendants submitted their Partial Motion to Dismiss Pursuant to FRCP 12(b)(1) on March 23, 2022, asserting that Plaintiff's ADA claims are barred under Sovereign Immunity under the Eleventh Amendment. *See* ECF 29. Specifically, Defendants asked this Court to decide whether requests for front pay in lieu of reinstatement are barred by the Eleventh Amendment. *Id.*

In this Court's April 1, 2022, Order on Defendants' Partial Motion to Dismiss Pursuant to Rule 12(b)(1) ("Court's Order"), the Court declined to decide this issue, stating that "this particular issue is not properly before the Court." *See* ECF 59 at 5. The Court said that "Nothing in Harmon's

pleadings or any of her statements at the Pre-Trial Conference indicate that she is seeking anything other than 'prospective relief' against the Collier under the ADA. *Id.* However, circumstances have significantly changed from the time of this Court's ruling because Plaintiff stated during her trial testimony that she no longer wants to be reinstated at TDCJ. Thus, the issue is now properly before the Court for consideration.

Plaintiff's claims for prospective relief are barred by Eleventh Immunity, as made clear from existing case law. The Eleventh Amendment bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity. *See* U.S. Const. amend. XI; *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002) (citing *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999)). As the Supreme Court held in *Board of Trustees v. Garrett*, Congress did not abrogate the states' sovereign immunity in enacting Title I1 and Title V of the ADA. See 531 U.S. 356, 365-74 (2001); *see also Perez*, 307 F.3d at 331-32 (dismissing ADA Title I claims against state entity on sovereign immunity grounds). This Circuit has held that Eleventh Amendment immunity "extends to any state agency or entity deemed an 'alter ego' or 'arm' of the state." *See Perez*, 307 F.3d at 326 (5th Cir. 2002). The Fifth Circuit has determined that suits against individuals in their official capacity are merely another suit against the employer. *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 262 (5th Cir. 1999). Further, Eleventh Amendment immunity extends to a "state official when the monied award is to be paid from the state treasury." *Dottin v. Texas Dept. of Criminal Justice*, No. 1:13-CV-70, 2014 WL 11498078, at *3 (E.D. Tex. Nov. 25, 2014). This includes an award of front pay. The Supreme Court has explicitly held that "money damages or its equivalent" is not an available relief when sovereign immunity is invoked. *Frew v. Hawkins*, 540 U.S. 431, 437 (2004); *see also Dube v. Tex. HHS Comm'n*, Civil Action No. SA-11-CV-354-XR, 2011 U.S. Dist. LEXIS 99680, at *7-8 (W.D. Tex. Sep. 6, 2011).

While the Court's Order discusses the issue of "front pay in lieu of reinstatement," front pay simply cannot be awarded to Plaintiff because it is also barred by the Eleventh Amendment. There is an important distinction in the case law cited by the Court that Defendants respectfully draw the Court's attention to. The Court acknowledged that the Fifth Circuit stated that a claim for reinstatement and front pay was barred by the Eleventh Amendment. *Jones v. Rex. Juvenile Just. Dep't*, 646 Fed. App'x 374 (5th Cir. 2016). However, the Court further noted that the *Jones* decision "left undisturbed its holding in *Deloach*" where it had previously held "front pay may be awarded if reinstatement is not a realistic alternative." *Deloach v. Delchamps*, Inc., 897 F. 2d 815 (5th. Cir. 1990).

Most importantly, while *Deloach* was an employment discrimination case, it was not a case brought against the government. The defendant, Delchamps, was a retail grocery store operator, who is a private employer. In *Jones*, the Plaintiff had brought suit against the Texas Juvenile Justice Department ("TJJD"). Here, similar to *Jones*, Plaintiff has sued TDCJ, who is also a government agency entitled to Eleventh Amendment Immunity. Significantly, the distinction between *Jones* and *Deloach* is crucial to the analysis of the prospective relief issue in the form of front pay in lieu of reinstatement because there were no constitutional immunity issues implicated in the *Deloach* case. Therefore, *Deloach* is not applicable here. There should be no consideration given to how the Fifth Circuit's decision in the *Jones* case "left undisturbed its holding in *Deloach*."

Although the Court did cite to the *Stollings* case, which is a case brought against a state agency (Texas Tech University), that court's decision ultimately concluded "at this stage, it is not necessary to resolve the issue of permissible remedies." *Stollings v. Texas Tech Univ.*, No. 5:20-CV-250-H, 2022 WL 824842, at *10 (N.D. Tex. Mar. 18, 2022). Thus, the *Stollings* court did not attempt to deviate from the established Fifth Circuit law in *Jones* that states that "front pay remains unavailable", and even if they had found front pay to be available, their decision would not be binding on this court. The *Jones* case makes clear that "Back pay, front pay, and other monetary relief remain unavailable." *Jones v. Texas Juv.*

*Just. Dep't*, 646 F. App'x 374, 376–77 (5th Cir. 2016); *see also Edelman v. Jordan,* 415 U.S. 651, 663 (1974) ("[A] suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment."). Further, this Court has also reached the same conclusion in *Berry v. Texas Woman's Univ.*, 528 F. Supp.3d 579, 599 (E.D. Tex. 2021) (noting that Eleventh Amendment immunity bars "claims for prospective relief that are the functional equivalent of money damages, i.e., it is measured in terms of monetary loss resulting from a past breach of a legal duty"). The Third, Sixth, and Eighth Circuits have also found that the front pay award is barred by Eleventh Amendment immunity. *Campbell v. Ark. Dep't of Corr.,* 155 F.3d 950, 962 (8th Cir.1998); *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698 (3d Cir.1996); *Freeman v. Mich. Dept. of State*, 808 F.2d 1174, 1179 (6th Cir. 1987).

Plaintiff herself testified at trial that the Plaintiff is no longer seeking proper prospective relief because she stated that she does not want to be reinstated by TDCJ. Clearly, if the Plaintiff does not want to be reinstated with TDCJ, reinstatement is not feasible. Because Plaintiff no longer seeks reinstatement, and she cannot be awarded front pay as it is barred under the Eleventh Immunity, Plaintiff no longer has a cause of action under the ADA and her claim against Bryan Collier must therefore be dismissed. Defendants respectfully request this Court to dismiss Plaintiff's claims under the ADA against Bryan Collier because she can no longer receive the prospective relief that she sought in her Original Complaint.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**SHAWN E. COWLES**
Deputy Attorney General for Civil Litigation

**SHANNA MOLINARE**
Division Chief
Law Enforcement Defense Division

*/s/ MARLAYNA M. ELLIS*
**MARLAYNA M. ELLIS**
Assistant Attorney General
State Bar No. 24123448

Law Enforcement Defense Division
Office of the Attorney General
P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / Fax (512) 370-9397
Marlayna.Ellis@oag.texas.gov

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I, **MARLAYNA M. ELLIS**, Assistant Attorney General of Texas, hereby certify that the above and foregoing document has been served electronic service to all counsel of record via the Eastern District of Texas ECF Filing system on April 6, 2022.

*/s/ MARLAYNA M. ELLIS*
**MARLAYNA M. ELLIS**
Assistant Attorney General

5