IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| KIMBERLY HARMON<br>*Plaintiff,*<br><br>v.<br><br><br>TEXAS DEPARTMENT OF<br>CRIMINAL<br>JUSTICE and BRYAN COLLIER, in his<br>Official capacity as Executive Director,<br>*Defendants.* | § § § § § § § § § § § § § | CIVIL ACTION NO. 1:20-CV-00460<br>JUDGE MICHAEL TRUNCALE |

**PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW**

Plaintiff Kimberly Harmon files Plaintiff's Motion for Judgment as a Matter of Law and, in support thereof, would respectfully show the Court as follows:

**BACKGROUND**

The parties have just concluded the presentation of evidence in a hard-fought trial. Plaintiff now moves for judgment as a matter of law on two issues:

1) Under Fifth Circuit precedent, Defendants' "no restriction" policy was unlawful and violated the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA"). As a consequence, a finding of liability for a *per se* violation of the ADA and RA is appropriate.

2) Defendants failed to put on any evidence "that there was substantially equivalent employment available" to Plaintiff. As a consequence, the failure-to-mitigate affirmative defense fails as a matter of law.

**LEGAL ANALYLSIS AND ARGUMENT**

**1. Judgment as a matter of law in favor of Plaintiff on her ADA and RA**

**claims is appropriate.**

Policies with bright-line rules that predetermine the outcome of an accommodation request—like "100% healed" policies and "no extensions of leave" policies—are unlawful under the ADA and Rehabilitation Act. *See, e.g.*, *Barton v. Checkers Drive-In Re Staurants, Inc.*, No. 11-186, 2011 U.S. Dist. LEXIS 32251, at *8 n.19 (E.D. La. 2011) ("'100% healed' policies are per se violations of the ADA because the '100% healed' or 'fully healed' policy discriminates against qualified individuals with disabilities and permits employers to substitute a determination of whether a qualified individual is '100% healed' from their injury for the required individual assessment whether the qualified individual is able to perform the essential functions of his or her job either with or without accommodation. *See McGregor v. Nat'l R.R. Passenger Corp.*, 187 F.3d 1113, 1116 (9th Cir.1999)") (citation supplied); *Rodriguez v. ConAgra Grocery Prods. Co.*, 436 F.3d 468, 475 (5th Cir. 2006) (finding employer's blanket policy against hiring anyone perceived as having uncontrolled diabetes as contradictory to "the TCHRA/ADA's emphasis on treating impaired job applicants as individuals"); *Molina v. DSI Renal, Inc.*, 840 F. Supp. 2d 984, 1003 n.174 (W.D. Tex. 2011).

This is so because such policies short circuit the interactive process in that they preclude employers from engaging in the interactive process as required by law. *See EEOC v. Prevo's Family Mkt., Inc.*, 135 F.3d 1089, 1097 (6th Cir. 1998). Here, for example, witness after witness testified consistently that:

1. Plaintiff was not permitted to return to work with any restrictions; and
2. Defendants make zero exceptions to their 180-day LWOP policy.

Indeed, as was established, Defendants' "no restriction" policy[1] forced Plaintiff to miss significant work because Defendants refused to ever engage in the interactive process to determine whether Plaintiff could perform her job with or without accommodations.

Ms. Reyes, the HR employee who everyone agreed handled Ms. Harmon's various requests for leave etc., was unequivocal in this:

> **Q.** So I'm clear, you also have another policy that says you can't return to work without a 100 percent release?
> **A.** Right.
> **Q.** You can't have any restrictions; is that correct?
> **A.** Yes.
>
> **Q.** So if TDCJ has a policy that says when you return to work you have to have a full release from your doctor, right?
> **A.** Right.
> **Q.** Without restrictions, correct?
> **A.** Right.

Thus, Reyes, along with Defendants other witnesses, made it indisputable that they had such a "blanket policy" and that policy precluded Defendants from ever engaging in the interactive process.

Similarly, Reyes testified, along with all the other witnesses, that the 180-day limitation on LWOP-Medical leave is ironclad.

> **Q.** What about the fact that the doctor's note says she needs some more time off?
> **A.** I cannot give someone more time. I don't have the authority to do that if they're at their 180 days.

Consequently, Plaintiff prevails as a matter of law for this *per se* violation of the ADA and RA.

---

[1] Recall, for example, when asked about "fully healed policy" or "100% healed policy", Defendants' witnesses corrected stating it was a "no restrictions policy".

## 2. Judgment as a matter of law in favor of Plaintiff on Defendants' failure-to-mitigate affirmative defense is appropriate.

Since 1972, the law in the Fifth Circuit has held that in order to proceed with a failure-to-mitigate affirmative defense, the employer must demonstrate three things:

1) That there was substantially equivalent employment available;

2) Plaintiff failed to use reasonable diligence in seeking those positions; and

3) The amount by which Plaintiff's damages were increased by her failure to take such reasonable actions.

Pattern Jury Instructions, Sec. 11.14; *Sparks v. Griffin*, 460 F.2d 433 (5th Cir. 1972). *See also Garcia v. Harris County*, No. H-16-2134, 2019 U.S. Dist. LEXIS 3144, at *5-6 (S.D. Tex. 2019):

> "Substantially equivalent employment is employment that 'affords virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status'" as the employment from which the plaintiff was terminated. *Floca v. Homecare Health Servs., Inc.*, 845 F.2d 108, 111 (5th Cir. 1988). Even viewing the evidence in the light most favorable to Harris County, Harris County has not provided any evidence, or arguments from evidence, that substantially equivalent employment existed to which Garcia failed to apply. Harris County fails to produce any evidence of any other available employment, much less substantially equivalent employment. The record only includes evidence of jobs to which Garcia did apply. Dkts. 117-2; 117-3 at 5-7. Thus, Harris County has not met the Sparks standard, and summary judgment is proper. *See Sparks*, 460 F.2d at 443.

Here, Defendants failed to offer evidence concerning elements 1 and 3. While Defendant elicited testimony that Plaintiff did not apply to correctional facilities other than TDCJ, Defendant provided no evidence that any of those other employers had correctional officer positions available. Likewise, no evidence was presented indicating the pay rate or benefits of any such positions that may or may not have been available. Indeed, there is not

a single exhibit offered to establish any of these elements. The lack of evidence for these two elements is fatal to the failure-to-mitigate affirmative defense.

## CONCLUSION

For the foregoing reasons, Plaintiff's respectfully requests for judgment as a matter of law due to Defendants' unlawful "no restrictions" policy and Defendants' failure-to-mitigate affirmative defense.

Respectfully submitted,

By: */s/ Sara Richey*
Sara Richey
Federal ID. No. 1147425
Texas SBN: 24068763
11777 Katy Freeway, Suite 335
Houston, TX  77079
Telephone: (713) 636-9931
E-mail:  sara@thericheylawfirm.com

## CERTIFICATE OF SERVICE

I certify that on April 7, 2022, a true and correct copy of the forgoing document was served via email upon the following counsel of record.

Brianna M. Webb
P.O. Box 12548
Austin, Texas 78711-2548
Phone: 512.463.4151
brianna.webb@oag.texas.gov

*/s/ Sara Richey*
Sara Richey