FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

APR 07 2022

BY
DEPUTY————————

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| KIMBERLY HARMON | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:20-CV-00460 |
| | § | JUDGE MICHAEL TRUNCALE |
| | § | |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| CRIMINAL | § | |
| JUSTICE and BRYAN COLLIER, in his | § | |
| Official capacity as Executive Director, | § | |
| *Defendants.* | § | |

## CHARGE OF THE COURT

MEMBERS OF THE JURY:

It is my duty and responsibility to instruct you on the law you are to apply in this case. The law contained in these instructions is the only law you may follow. It is your duty to follow what I instruct you the law is, regardless of any opinion that you might have as to what the law ought to be.

If I have given you the impression during the trial that I favor either party, you must disregard that impression. If I have given you the impression during the trial that I have an opinion about the facts of this case, you must disregard that impression. You are the sole judges of the facts of this case. Other than my instructions to you on the law, you should disregard anything I may have said or done during the trial in arriving at your verdict.

You should consider all of the instructions about the law as a whole and regard each instruction in light of the others, without isolating a particular statement or paragraph.

The testimony of the witnesses and other exhibits introduced by the parties constitute the evidence. The statements of counsel are not evidence; they are only arguments. It is important for you to distinguish between the arguments of counsel and the evidence on which those arguments rest. What the lawyers say or do is not evidence. You may, however, consider their arguments in light of the evidence that has been admitted and determine whether the evidence admitted in this trial supports the arguments. You must determine the facts from all the testimony that you have heard and the other evidence submitted. You are the judges of the facts, but in finding those facts, you must apply the law as I instruct you.

You are required by law to decide the case in a fair, impartial, and unbiased manner, based entirely on the law and on the evidence presented to you in the courtroom. You may not be influenced by passion, prejudice, or sympathy you might have for the plaintiff or the defendant in arriving at your verdict.

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

**Burden of Proof: Preponderance of the Evidence**

Plaintiff Kimberly Harmon has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Kimberly Harmon has failed to prove any element of his claim by a preponderance of the evidence, then he may not recover on that claim.

**No Inference from Filing Suit**

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

## CONSIDERATION OF THE EVIDENCE

**Evidence**

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**Witnesses**

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

**DISCRIMINATION UNDER THE ADA AGAINST BRYAN COLLIER AND UNDER THE REHABILITATION ACT AGAINST TEXAS DEPARTMENT OF CRIMINAL JUSTICE**

Plaintiff Kimberly Harmon claims that Defendants discriminated against her because she had a disability by terminating her.

Defendants deny Plaintiff Kimberly Harmon's claims and contend that she was terminated because she exhausted all of her available LWOP-Medical (Leave Without Pay-Medical) leave.

It is unlawful for an employer to discriminate against an employee because of the employee's disability. Unlawful discrimination can include failing to hire or terminating a qualified individual with a disability.

To succeed in this case, Plaintiff Kimberly Harmon must prove each of the following by a preponderance of the evidence:

1. Plaintiff Kimberly Harmon had diabetes, hypertension, chronic lower-back pain;
2. Such diabetes, hypertension, chronic lower-back pain substantially limited her endocrine function and circulatory function.
3. Defendants knew Plaintiff Kimberly Harmon had diabetes, hypertension, chronic lower-back pain;
4. Defendants terminated Plaintiff Kimberly Harmon;
5. Plaintiff Kimberly Harmon was a qualified individual who could have performed the essential functions of the Correctional Officer position when Defendants terminated her; and
6.
    a. Defendant Bryan Collier terminated Plaintiff Kimberly Harmon "because of" her diabetes, hypertension, chronic lower-back pain. Plaintiff Kimberly Harmon does not have to prove that her diabetes, hypertension, chronic lower-back pain was the only reason Defendant Bryan Collier terminated her.
    b. Defendant Texas Department of Criminal Justice terminated or failed to rehire Plaintiff Kimberly Harmon "solely because of" her diabetes, hypertension, chronic lower-back pain.

## RETALIATION UNDER THE ADA AGAINST BRYAN COLLIER AND UNDER THE REHABILITATION ACT AGAINST TEXAS DEPARTMENT OF CRIMINAL JUSTICE

Plaintiff Kimberly Harmon claims that Defendants retaliated against her because she took steps to enforce her lawful rights under federal law prohibiting discrimination based on disability in the workplace.

The law that prohibits discrimination in the workplace also prohibits an employer from retaliating against an employee because that employee has asserted rights or made complaints under that law.

Plaintiff Kimberly Harmon claims that Defendants terminated her employment and failed to rehire her because Plaintiff Kimberly Harmon sought accommodations under the ADA.

Defendants deny Plaintiff Kimberly Harmon's claim and assert that she was not terminated on account of her disability, but because she exhausted all of her available LWOP-Medical (Leave Without Pay-Medical) leave and that Plaintiff was not rehired because she only wanted to work at the Gist Unit.

To succeed on her claim, Plaintiff Kimberly Harmon must prove each of the following facts by a preponderance of the evidence:

1. Plaintiff Kimberly Harmon engaged in protected activity;
2. Defendants terminated or failed to rehire Plaintiff Kimberly Harmon;
3. Defendants terminated or failed to rehire Plaintiff Kimberly Harmon on account of her engaging in protected activity. You need not find that the only reason for his decision was Plaintiff Kimberly Harmon's protected activity. But you must find that their decision to terminate or not to rehire Plaintiff Kimberly Harmon would not have occurred in the absence of—but for—her protected activity.

**CHARGE FOR FAILURE TO ACCOMMODATE UNDER THE ADA AGAINST
BRYAN COLLIER AND UNDER THE REHABILITATION ACT AGAINST
TEXAS DEPARTMENT OF CRIMINAL JUSTICE**

Plaintiff Kimberly Harmon claims that Defendants failed to reasonably accommodate her disability.

Defendants deny Plaintiff Kimberly Harmon's claims and contend that Plaintiff failed to request a reasonable accommodation. The law requires an employer to make reasonable accommodations for an employee's disability.

To succeed in this case, Plaintiff Kimberly Harmon must prove each of the following by a preponderance of the evidence:

1. Plaintiff Kimberly Harmon could have performed the essential functions of the Correctional Officer position when Defendants terminated her if she had been provided reasonable accommodation(s);
2. Plaintiff Kimberly Harmon had diabetes, hypertension, and chronic lower-back pain;
3. Such diabetes, hypertension, and chronic lower-back pain substantially limited Plaintiff Kimberly Harmon's ability to her endocrine function and circulatory function;
4. Defendants knew of Plaintiff Kimberly Harmon's diabetes, hypertension, and chronic lower-back pain;
5. Plaintiff Kimberly Harmon requested an accommodation;
6. Providing an accommodation would have been reasonable; and
7. Defendants failed to provide a reasonable accommodation.

A "disability" is a physical impairment that substantially limits one or more major life activities. In determining whether Plaintiff Kimberly Harmon's impairment substantially limits her ability to her endocrine function and circulatory function, you should compare her endocrine function and circulatory function with that of the average person. In doing so, you should also consider: (1) the nature and severity of the impairment;
(2) how long the impairment will last or is expected to last; and (3) the permanent or long-term impact, or expected impact, of the impairment.

In determining whether an impairment substantially limits a major life activity, you must consider the impairment without regard to the effects of such measures as medication, therapies, or surgery. In doing so, you may consider evidence of the expected course of a particular disorder without medication, therapies, or surgery.

If an impairment is episodic or in remission, it is still a "disability" if it substantially limited a major life activity when it was active or if it would substantially limit a major life activity when active.

A "qualified individual" is one who, with or without reasonable accommodations, can perform the essential functions of the job. The term "essential functions" means the fundamental job duties of the employment position a plaintiff held or for which she has applied. The term does not include the marginal functions of the position.

In determining whether a job function is essential, you should consider the following factors: the employer's judgment as to which functions are essential; written job descriptions; the amount of time spent on the job performing the function; the consequences of not requiring the person to perform the function; the terms of a collective bargaining agreement; the work experience of persons who have held the job; the current work experience of persons in similar jobs; whether the reason the position exists is to perform the function; whether there are a limited number of employees available among whom the performance of the function is to be distributed; whether the function is highly specialized and the individual in the position was hired for her expertise or ability to perform the function You may also consider other factors. The term "accommodation" means making modifications to the work place that allow a person with a disability to perform the essential functions of the job, to attain the level of performance available to similarly situated employees who are not disabled, or to enjoy equal benefits and privileges of employment as are enjoyed by similarly situated employees who are not disabled.

A "reasonable" accommodation is one that could reasonably be made under the circumstances. It may include, but is not limited to: (a) making existing facilities used by employees readily accessible to and usable by individuals with disabilities; or (b) job restructuring, part-time or modified work schedules, reassignment to a vacant position, acquisition or modification of equipment or devices, appropriate adjustment or modifications of examinations, training materials, or policies, the provision of qualified readers or interpreters and other similar accommodations for individuals with disabilities. There may be other reasonable accommodations.

Defendants claim that Plaintiff Kimberly Harmon's requested accommodation would have imposed an undue hardship on the Texas Department of Criminal Justice. An employer need not provide an accommodation to the known limitations of a qualified employee or applicant if the employer proves that the accommodation would impose an undue hardship on its business operations. The employer has the burden of proving by a preponderance of the evidence that the accommodation would have imposed an undue hardship.

An "undue hardship" is an action requiring the employer to incur significant difficulty or expense. Factors to be considered in determining whether the need for extra leave time outside of the time allotted per TDCJ policy cause an undue hardship include: (a) the nature and cost of the accommodation; (b) the overall financial resources of the facility involved in the accommodation, the number of persons employed there, the effect on expenses and resources, or the impact otherwise on the facility's operation; (c) the overall financial resources of the employer, the overall size of the business with respect to the number of employees, and the number, type, and location of its facilities; and (d) the type of operation of the employer, including the composition, structure, and functions of the workforce, the

impact of the need for extra leave time outside of the time allotted per Texas Department of Criminal Justice policy on the facility's operation, including the impact on the ability of other employees to perform their duties.

**CHARGE FOR DISCRIMINATION BASED ON HAVING A RECORD OF
IMPAIRMENT OR BEING REGARDED AS HAVING AN IMPAIRMENT IN
VIOLATION OF THE ADA AND IN VIOLATION OF THE REHABILITATION
ACT**

Plaintiff Kimberly Harmon claims that she was discriminated against because she had a
record of a disability and/or because Defendants regarded her as having an impairment.

Defendants deny Plaintiff Kimberly Harmon's claims and contend that she was terminated
because she exhausted all of her available LWOP-Medical (Leave Without Pay-Medical)
leave.

Plaintiff Kimberly Harmon claims that she could have performed the essential functions of
the Correctional Officer position when Defendants terminated her.

It is unlawful to terminate a qualified individual who has a record of a disability and/or is
regarded as having an impairment because the qualified individual has a record of a
disability and/or because the qualified individual is regarded as having an impairment.

To succeed in this case, Plaintiff Kimberly Harmon must prove the following by a
preponderance of the evidence:

1. Plaintiff Kimberly Harmon could have performed the essential functions of the
   Correctional Officer position when Defendants terminated her;
2. Plaintiff Kimberly Harmon had a record of a physical impairment that substantially
   limited one or more major life activities and/or was regarded as having a physical
   impairment;
3. Defendants knew that Plaintiff Kimberly Harmon had a record of a disability and/or
   regarded Plaintiff Kimberly Harmon as having an impairment;
4. Defendants terminated Plaintiff Kimberly Harmon; and
5.
   a. Defendant Bryan Collier terminated Plaintiff Kimberly Harmon "because"
      she had a record of diabetes, hypertension, and chronic lower back pain
      and/or was regarded as having diabetes, hypertension, and chronic lower
      back pain.
   b. Defendant Texas Department of Criminal Justice terminated Plaintiff
      Kimberly Harmon "solely because" she had a record of diabetes,
      hypertension, and chronic lower back pain and/or was regarded as having
      diabetes, hypertension, and chronic lower back pain.

An individual has a "record of" having a disability if she has a history of or has been
classified as having an impairment that substantially limits one or more major life
activities.

An individual is "regarded as" having an impairment if the individual establishes that she has been subjected to discrimination because of an actual or perceived impairment, whether or not it limits or is perceived to limit a major life activity.

If Plaintiff Kimberly Harmon has failed to prove any of these elements, then your verdict on this claim must be for Defendants.

## CHARGE FOR DAMAGES AGAINST TDCJ

If you found that Defendant Texas Department of Criminal Justice violated the Rehabilitation Act, then you must determine whether it has caused Plaintiff Kimberly Harmon damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff Kimberly Harmon has proved liability.

Plaintiff Kimberly Harmon must prove her damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff Kimberly Harmon need not prove the amount of her losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others: (1) the amount of back pay and benefits Plaintiff Kimberly Harmon would have earned in her employment with Defendant Texas Department of Criminal Justice if she had not been terminated from her employment as of May 31, 2018 to the date of your verdict, minus the amount of earnings and benefits that Plaintiff Kimberly Harmon received from employment during that time; (2) the amount of other damages sustained by Plaintiff Kimberly Harmon such as mental anguish, anxiety and emotional distress.

Back pay includes the amounts the evidence shows Plaintiff Kimberly Harmon would have earned had she remained an employee of Defendant Texas Department of Criminal Justice or been rehired by Defendant Texas Department of Criminal Justice. These amounts include wages or salary and such benefits as life and health insurance, stock options, and contributions to retirement. You must subtract the amounts of earnings and benefits Defendant Texas Department of Criminal Justice proves by a preponderance of the evidence Plaintiff Kimberly Harmon received during the period in question.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff Kimberly Harmon for the harm she has sustained. Do not include as actual damages interest on wages or benefits.

**SO ORDERED this 7th day of April 2022**

Michael J. Truncale
United States District Judge

## <u>JURY QUESTIONS</u>

### <u>QUESTIONS RELATED TO DEFENDANT TEXAS DEPARTMENT OF CRIMINAL JUSTICE</u>

**Question No. 1**
Has Plaintiff Kimberly Harmon proved that Defendant Texas Department of Criminal Justice:

       a.   Terminated Plaintiff Kimberly Harmon solely because of her disability?

           Answer "Yes" or "No."

           _____

       b.   Failed to rehire Plaintiff Kimberly Harmon solely because of her disability?

           Answer "Yes" or "No."

           _____

**Question No. 2**
Has Plaintiff Kimberly Harmon proved that she would not have been terminated by Defendant Texas Department of Criminal Justice but for her:

       a.   Requesting accommodations?

           Answer "Yes" or "No."

           _____

       b.   Filing complaints related to her disability?

           Answer "Yes" or "No."

           _____

**Question No. 3**
Did Defendant Texas Department of Criminal Justice fail to reasonably accommodate Plaintiff Kimberly Harmon's disability?

Answer "Yes" or "No."

_____

**Question No. 4**
Has Plaintiff Kimberly Harmon proved that Defendant Texas Department of Criminal Justice failed to rehire her but for her:

    a.  Filing a charge of discrimination with the Equal Employment Opportunity Commission (the EEOC)?

        Answer "Yes" or "No."

        _____

    b.  Requesting accommodations?

        Answer "Yes" or "No."

        _____

    c.  Filing complaints related to her disability?

        Answer "Yes" or "No."

        _____

**Question No. 5**
Has Plaintiff Kimberly Harmon proved that Defendant Texas Department of Criminal Justice terminated Plaintiff Kimberly Harmon solely because of her having a record of diabetes, hypertension, or chronic lower-back pain and/or solely because of her being regarded as having diabetes, hypertension, or chronic lower-back pain?

Answer "Yes" or "No."



**Question No. 6**
What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Kimberly Harmon for the damages, if any, you have found Defendant Texas Department of Criminal Justice caused Plaintiff Kimberly Harmon?

Answer in dollars and cents for the following items and none other:

1. Past mental anguish, anxiety and emotional distress.

$_____

2. Wages and benefits from May 31, 2018 to April 7, 2022.

$_____

## QUESTIONS RELATED TO DEFENDANT BRYAN COLLIER

**Question No. 1**
Has Plaintiff Kimberly Harmon proved that Defendant Bryan Collier, in his official capacity as Executive Director of the Texas Department of Criminal Justice, terminated or failed to rehire Plaintiff Kimberly Harmon because of her disability?

Answer "Yes" or "No."

_____

**Question No. 2**
Has Plaintiff Kimberly Harmon proved that she would not have been terminated by Defendant Bryan Collier, in his official capacity as Executive Director of Texas Department of Criminal Justice, but for her:

      a.  Requesting accommodations?

                Answer "Yes" or "No."



      b.  Filing complaints related to her disability?

                Answer "Yes" or "No."

_____

**Question No. 3**
Did Defendant Bryan Collier, in his official capacity as Executive Director of Texas Department of Criminal Justice, fail to reasonably accommodate Plaintiff Kimberly Harmon's disability?

Answer "Yes" or "No."

_____

**Question No. 4**

Has Plaintiff Kimberly Harmon proved that Defendant Bryan Collier, in his official capacity as Executive Director of Texas Department of Criminal Justice, failed to rehire her but for her:

      a.  Filing a charge of discrimination with the Equal Employment Opportunity Commission (the EEOC)?

Answer "Yes" or "No."

_____

      b.  Requesting accommodations?

Answer "Yes" or "No."

_____

      c.  Filing complaints related to her disability?

Answer "Yes" or "No."

_____

**Question No. 5**

Has Plaintiff Kimberly Harmon proved that Defendant Bryan Collier terminated Plaintiff Kimberly Harmon because of her having a record of diabetes, hypertension, or chronic lower-back pain and/or because of her being regarded as having diabetes, hypertension, or chronic lower-back pain?

Answer "Yes" or "No."

_____

**Duty to Deliberate; Notes**

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.