IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **KIMBERLEY HARMON** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION NO. 1:20-CV-00460 |
| v. | § | JUDGE MICHAEL TRUNCALE |
| | § | |
| **TEXAS DEPARTMENT OF CRIMINAL JUSTICE and BRYAN COLLIER, in his Official capacity as Executive Director,** | § § § § | |
| | § | |
| *Defendant.* | § | |

**PLAINTIFF'S MOTION FOR AN AWARD
OF REASONABLE FEES AND COSTS**

Plaintiff Kimberley Harmon moves for an award of reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 2000e-(k)[1], the Rehabilitation Act, and FED. R. CIV. P. 54(d)(2). The jury has awarded Harmon monetary damages of $1,800,000.00 before payment of pre- and post-judgment interest and reasonable fees and costs (Doc. 73). She is the prevailing party in this litigation. *Farrar v. Hobby,* 506 U.S. 103, 111-13, 113 S. Ct. 566, 573 (1992).

A. <u>**The Lodestar Calculation of Harmon's Fees**</u>

The Supreme Court has established a "'strong presumption'" that the lodestar—the product of multiplying hours reasonably expended by a reasonable hourly rate—represents "the

---

[1] Some of the cases cited in this motion may involve other statutes that allow a prevailing plaintiff to recover a reasonable fee from the defendant. *Hensley v. Eckerhart,* 461 U.S. 424, 433 n.7, 103 S. Ct. 1988, 76 L. Ed. 2d 40 (1983) ("[t]he standards set forth in this opinion [based on 42 U.S.C. § 1988] are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party'").

1

reasonable fee" to which a prevailing plaintiff is entitled. *Perdue v. Kenney A.,* 559 U.S. 542, 553-54, 130 S. Ct. 1662, 1673 (2010). This method yields an award that roughly approximates what the attorney would have received if representing a client who paid by the hour. 559 U.S. at 551, 130 S. Ct. at 1672. The lodestar's components—hours and rates—are findings that an appellate court would review only for clear error. *Simi Investment Co., Inc. v. Harris County,* 236 F.3d 240, 255 (5th Cir. 2000), cert. denied, 534 U.S. 1022, 122 S. Ct. 550 (2001).

In *Perdue,* the Supreme Court contrasted the lodestar method with, on the other hand, the "method set out in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717-719 (C.A.5 1974), which listed 12 factors that a court should consider in determining a reasonable fee." 559 U.S. at 550-51, 130 S. Ct. at 1671-72. (The *Johnson* factors are listed *infra* page 9.) The *Perdue* Court's reasoning clearly indicates a strong overall preference for the lodestar method over the Fifth Circuit's *Johnson* factors. But Fifth Circuit panels have a post-*Perdue,* treated the *Johnson* factors not as a disfavored alternative, but as a *complement* to the lodestar method. *See, e.g., Ransom v. M. Patel Enters., Inc.,* 734 F.3d 377, 388 n.17 (5th Cir. 2013) ("[t]here is a strong presumption that the lodestar amount is a reasonable fee, although a court may decrease or enhance it based on the factors established in *Johnson*"); *Black v. SettlePou, P.C.,* 732 F.3d 492, 502 (5th Cir. 2013) ("after calculating the lodestar, a district court may enhance or decrease the amount of attorney's fees based on 'the relative weights of the twelve factors set forth in *Johnson*'"). Therefore, this motion will address both the lodestar method and the *Johnson* factors, in that order.

### 1. **The Hours Reasonably Expended**

The billing records of the attorneys seeking compensation in a fee motion are the starting point of the Court's determination of the hours reasonably expended on behalf of Harmon.

*Hensley*, 461 U.S. at 433, 103 S. Ct. at 1939 (1983) ("[t]he party seeking an award of fees should submit evidence supporting the hours worked"); *Watkins v. Fordice,* 7 F.3d 453, 457 (5th Cir. 1993). Harmon's lawyers carry this initial burden with declarations concerning the accuracy of their contemporaneous billing records attached as Exhibit 1 to this motion. (Exh. 2, S. Richey Dec.)

For submitting this motion, the contemporaneous time records were checked against other "'contemporaneous records, briefs or memoranda to ensure against recording errors,'" and otherwise edited for clarity and completeness so as "to allow 'this Court to make an informed decision about the relevance and appropriateness of the entry.'" *Cobell v. Norton,* 407 F. Supp. 2d 140, 155 (D.D. C. 2005). ((Exh. 2, S. Richey Dec.)

Time claimed in billing record must be reasonable in order to be compensable. *League of United Latin American Citizens No. 4552 v. Roscoe Indep. Sch. Dist.,* 119 F.3d 1228, 1232 (5th Cir. 1997).[2] The supporting declarations testify that the time claimed for compensation was reasonabley necessary for representing Harmon in this litigation as required. (Exh. 2, S. Richey Dec.) Indeed, significant blocks of time were necessary because of the Defendants' unsuccessful motion to dismiss (Doc.29), and their unsuccessful motion to exclude (Doc. 34), and their unsuccessful motion to strike (Doc. 42).

### 2. The Reasonable Hourly Rate

Once the compensable time is determined, the second step is to determine a reasonable hourly rate "according to the prevailing market rates in the relevant community," *Blum v. Stenson,* 465 U.S. 886, 895, 104 S. Ct. 1541, 1547 (1984), i.e. in the Eastern District of Texas. Both Ms. Richey and Mr. Craighead seek an hourly rate of $550.00. In support of that rate, they

---

[2] Hours reasonably expended on this litigation include time spent preparing this motion for fees and costs. *Cruz v. Hauck,* 762 F.2d 1230, 1233 (5th Cir. 1985).

rely on the Texas Employment Lawyers Association's 2022 Attorneys' Fees Hourly Rates for Employment Law. (Exh, 3) This publication includes hourly rates awarded to attorneys in federal employment cases in each of the four federal districts of Texas. Additionally, former 10th Circuit Judge Deanell Tacha approved a $450/hour rate as reasonable for both Ms. Richey and Mr. Craighead for work they performed in 2018. (Exh. 4). She also found that an enhancement of 10% on the lodestar award was justified for their efforts and successful advocacy. (Exh. 4). In this case, given the overwhelming victory by Plaintiff Harmon, a multiplier of 1.25 is appropriate. [3]

### 3. The Lodestar Fee

The lodestar fee, based on the reasonable hours documented in Exhibit 1, and on the hourly rates documented in the supporting declarations, is:

| LAWYER | HOURS | LODESTAR FEE |
| --- | --- | --- |
| Sara Richey | 263.6 | $144,980 x 1.25 = $181,225 |
| Clayton Craighead | 238.4 | $131,120 X 1.25 = $163,900 |

---

[3] While the lodestar is relevant to determining a fee award, it is not the sole basis for determining that award; the *Johnson* factors are applicable to deciding whether the lodestar is reasonable, as well as to adjusting that award by a multiplier once the lodestar is calculated. *Newby v. Enron Corp. (In re Enron Corp. Sec.)*, 586 F. Supp. 2d 732, 755 (S.D. Tex. 2008). The multiplier represents the risk of the litigation, the complexity of the issues, the contingent nature of the engagement, the skill of the attorneys, and other factors. *Id*. (citations omitted). After reviewing the twelve *Johnson* factors, "the court may then apply a multiplier to the lodestar, adjusting the lodestar either upward or downward." *Odonnell v. Harris Cty., Tex.*, No. H-16-1414, 2019 U.S. Dist. LEXIS 202474, at *71 (S.D. Tex. 2019).

*See, e.g., J/H Real Estate Inc. v. Abramson*, 951 F. Supp. 63, 1996 WL 750053, at *3 (E.D. Pa. 1996) (concluding fee award of more than 2.5 times lodestar is "generous but fair premium"); *Fischel v. Equitable Life Assurance Soc'y of the U.S.*, 98 Fed. Appx. 581, 583, 2004 WL 829383, at *2 (9th Cir. 2004) (reversing and remanding District Court's denial of risk multiplier and instructing Court to apply multiplier of 2 to class counsel's lodestar); *Pollar v. Judson Steel Corp.*, No. C-82-6833-MHP, 1985 U.S. Dist. LEXIS 19641, 1985 WL 312, at *5-6 (N.D. Cal. May 21, 1985) (multiplying lodestar by 1.25 in civil rights case).

B. **The Johnson Factors**

The *Johnson* factors—originally 12, but now 11[4]—are:

> (1) [T]he time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) [deleted; *see supra* note 8]; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson,* 488 F.2d at 717-19. But no factor that was considered in setting on of the lodestar components may be used later to adjust the lodestar. *Perdue,* 559 U.S. at 553, 130 S. Ct. at 1673; *Black,* 732 F.3d at 502 ("[t]he lodestar may not be adjusted due to a *Johnson* factor that was already taken into account during the initial calculation of the lodestar").

All of the *Johnson* factors appear to be already accounted for in the lodestar (though the possibly of doing so *reliably* was the *Perdue* Court's chief complaint about them: "This method, however, 'gave very little actual guidance to district courts. Setting attorney's fees by reference to a series of sometimes subjective factors placed unlimited discretion in trial judges and produced disparate results.'" *Perdue*, 559 U.S. at 551, 130 S. Ct. at 1672). The only one that merits discussion is (8), given that "'the most critical factor in determining an attorney's fee award is the degree of success obtained,'" *Black,* 732 F.3d at 503, and it weighs entirely in favor of the full lodestar without reduction. Ms. Harmon was enormously successful from a monetary perspective.

---

[4] The sixth factor was "whether the fee is fixed or contingent, " but it was eventually overruled. *Rutherford v. Harris County,* 197 F.3d 173, 193 (5th Cir. 1999) ("the Supreme Court has barred any use of this factor").

5

C.  **Harmon's Costs**

"Costs" include not just the costs that are available to a prevailing party under 28 U.S.C. § 1920, but all other costs that an attorney would normally charge to a fee-paying client in a Title VII case. *See, e.g., Mota v. Univ. of Texas Houston Health Science,* 261 F.3d 512, 529 (5th Cir. 2001) (reasonable attorney's fee under 42 U.S.C. § 2000e-5(k) includes costs items *beyond those allowed under 28 U.S.C. § 1920*, including all reasonable costs charged a fee-paying client). The total costs are listed in Exhibit 5. The Court should award all of them.

D.  **Post-Judgement Interest on the Award of Fees and Costs**

An award of fees and costs accrues interest from the date of the judgment on the merits that establishes the right to the award of fees and costs. *Louisiana Power & Light,* 50 F.3d at 332. Here, such interest runs from April 7, 2022.

E.  **Post-Motion Proceedings**

Harmon will supplement this motion with additional fees and costs that may be necessitated by replying to the Defendants' opposition, as well as by any post-judgement motions or appeals the Defendants may file.

**Conclusion**

Harmon's lawyers have fully complied with their obligations in seeking fees and costs in this case. They maintained meticulous, detailed contemporaneous records of their time and expenses. Therefore, the Court should award the fees, costs, and postjudgement interest as set forth below in the attached proposed order.

Respectfully submitted,

By: */s/Sara Richey*_____
Sara Richey
Attorney-in-Charge
Federal Bar No: 1147425
Texas Bar No.: 24068763
11777 Katy Freeway, Suite 335
Houston, TX 77079
Tel. (713) 636-9931
sara@thericheylawfirm.com

ATTORNEY FOR THE PLAINTIFF