IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| KIMBERLY HARMON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO.  1:20-CV-00460 |
| | § | JUDGE MICHAEL J. TRUNCALE |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE, *and* BRYAN COLLIER, in his | § | |
| official capacity as Executive Director, | § | |
| | § | |
| *Defendants.* | § | |

## <u>ORDER SETTING HEARING</u>

**PLEASE TAKE NOTICE** that a **HEARING** is scheduled regarding the pending motions in this matter on **Thursday, September 1, 2022 at 3:00 p.m.**

It is **ORDERED** that the Parties shall file **SUPPLEMENTAL BRIEFING** on the relevance of *Cummings v. Premier Rehab Keller, P.L.L.C.*, 948 F.3d 673 (5th Cir. Jan 24, 2020), which predates the filing of this case (Nov. 11, 2020), the trial (Apr. 4, 2022), and the jury charge (Apr. 7, 2022). Please specifically address the relevance of the Fifth Circuit's *Cummings* decision to the issues of:

(1) <u>**waiver**</u>, *see, e.g.*, *Kermode v. Univ. of Miss. Med. Ctr.*, 496 Fed. App'x 483 (5th Cir. 2012) ("a state's delay in raising the defense of sovereign immunity at the trial level may constitute waiver if it evidences an intent to defend the case on the merits.") (collecting cases);

(2) the <u>**law of the case doctrine**</u>, *see, e.g.*, *United States v. Kahn*, 2002 U.S. App. LEXIS 29048 (5th Cir. 2002) ("The government['s] fail[ure] to object [makes] the erroneous instruction the law of the case."); *United States v. Gordon*, 876 F.2d 1121 (5th Cir. 1989) (a "[district] court's instructions, to which the government does not object, become the law of the case").

(3) the <u>**preservation of error**</u>, *see Feld Motor Sports, Inc. v. Traxxas, L.P.*, 861 F.3d 591 (5th Cir. 2017) ("following a jury trial [the Fifth Circuit] has jurisdiction to hear an appeal of the district court's legal conclusions . . . only if it is sufficiently preserved in a Rule 50 motion."); *Universal Truckload, Inc. v. Dalton Logistics, Inc.*, 946 F.3d 689 (5th Cir. 2020)

("Arguments raised for the first time in a Rule 50(b) motion are not preserved."); *Montano v. Orange Cnty.*, 842 F.3d 865 (5th Cir. 2016) (it is a "well-established rule in [the Fifth Circuit] that issues not raised in a Rule 50(a) motion are waived for future motions in district court"); and

**(4)** <u>**any other issues**</u> you believe may be relevant.

It is further **ORDERED** that the Parties shall adhere to the following **BRIEFING SCHEDULE**:

| | | |
|---|---|---|
| **(a)** | **Deadline to file Initial Briefs.** | <u>August 10, 2022</u>. |
| **(b)** | **Deadline to file Response Briefs.** | <u>August 17, 2022</u>. |
| **(c)** | **Deadline to file Reply Briefs.** | <u>August 24, 2022</u>. |

**SIGNED this 27th day of July, 2022.**

Michael J. Truncale
United States District Judge