IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| KIMBERLEY HARMON, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:20-CV-00460 |
| | § | JUDGE MICHAEL J. TRUNCALE |
| TEXAS DEPARTMENT OF CRMINAL | § | |
| JUSTICE, and BRYAN COLLIER, in his | § | |
| official capacity as Executive Director, | § | |
| | § | |
| *Defendants*. | | |

## ORDER GRANTING PLAINTIFF'S MOTION FOR AN AWARD OF REASONABLE FEES AND COSTS

Before the Court is Plaintiff Kimberly Harmon's Motion for an Award of Reasonable Fees and Costs.  [Dkt. 80].  From April 4–7, 2022, the Court conducted a trial in this matter, including empaneling an impartial jury.  After hearing the evidence from both parties, the jury returned a verdict in favor of Plaintiff.  [Dkt. 73].  Plaintiff subsequently filed this Motion to recover reasonable attorneys' fees, court costs, and post-judgment interest pursuant to 42 U.S.C. § 2000e-5(k), 29 U.S.C. § 794, and Federal Rule of Civil Procedure 54(d)(2).  At a hearing held on September 1, 2022, the Court heard arguments on this motion.  After hearing oral arguments, reviewing the briefing by both parties, and scrutinizing the relevant billing records, the Court grants Plaintiff's Motion.  [Dkt. 80].

## I.  Attorneys' Fees

The Fifth Circuit has adopted the "lodestar" method for calculating the amount of attorneys' fees to be awarded to a prevailing plaintiff.  *Jimenez v. Wood Cnty.*, 621 F.3d 372, 379–80 (5th Cir. 2010), *on reh'g en banc*, 660 F.3d 841 (5th Cir. 2011); *Rutherford v. Harris Cnty.*, 197 F.3d 173, 192 (5th Cir. 1999).  "The lodestar is computed by multiplying the number of hours reasonably expended by the prevailing hourly rate in the community for similar work."  *Fender v.*

*Zapata P'ship, Ltd.*, 12 F.3d 480, 487 (5th Cir. 1994).

The lodestar is presumed to be an attorney's reasonable fee. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553–54 (2010); *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). The first step in determining the lodestar amount is ascertaining the "compensable hours from the attorneys' time records, including only hours reasonably spent." *Shipes v. Trinity Indus.*, 987 F.2d 311, 319–20 (5th Cir. 1993); *accord Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997). "The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011). "Trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.* A party is also entitled to recover fees for services performed by paralegals that are traditionally performed by attorneys. *See Alter Fin. Corp. v. Citizens & S. Int'l Bank of New Orleans*, 817 F.2d 349, 350 (5th Cir. 1987); *Richardson v. Byrd*, 709 F.2d 1016, 1023 (5th Cir. 1983).

In determining the amount of attorneys' fees, the party seeking such fees bears the initial burden of submitting adequate documentation of hours reasonably expended and establishing the reasonableness of the rates claimed based on the attorneys' qualification and skill. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Fox*, 563 U.S. at 838. It is well settled that attorneys' fees are awarded only for those hours that are reasonably necessary to prosecute the case. *EEOC v. Clear Lake Dodge*, 60 F.3d 1146, 1154 (5th Cir. 1995) (citing *City of Riverside v. Rivera*, 477 U.S. 561, 568 (1986)); *Hensley*, 461 U.S. at 434. Thus, the fee applicant bears the burden of proving that the number of hours spent litigating the lawsuit is reasonable. *Cooper v. Pentecost*, 77 F.3d 829, 832 (5th Cir. 1996) (citing *Hensley*, 461 U.S. at 437).

Here, Plaintiff provides records and argument in support of each attorney and paralegal's

2

total hours. Plaintiff provides evidence for the total hours as follows:

> Clayton Craighead: 309.9 hours
> Sarah Richey: 292.6 hours
> Eric Ruiz: 37 hours
> Sara Rehem: 13.4 hours

[Dkts. 80, 83, 101, 105].  These records included adequately detailed explanations of the work performed and contemporaneous time keeping.  Meanwhile, the Defendants argue that the total hours should be reduced because the Plaintiff failed to exercise billing judgment.  The Defendants contend that the Plaintiff duplicated billing entries, block-billed, submitted vague entries, overbilled, billed for unperformed work, and billed for travel or clerical work.  Importantly, it is within the Court's discretion to find that the entries are specific enough to determine that the hours claimed were reasonable.  *See Hollowell v. Orleans Regional Hosp.* LLC, 217 F.3d 379, 393 (5th Cir. 2000).  After careful review, the Court finds that most of the entries are both specific enough and that the hours claimed are reasonable.

However, the Court has reviewed both parties' arguments as to these contentions, as well as the billing records themselves, and finds that some of Defendants' arguments have merit as to a portion of the billing entries.  The Plaintiff did perform block-billing, which resulted in some vague entries.  The Plaintiff also included some travel and clerical work hours at their full rate.  Finally, there is one instance of incorrectly billing for work that could not have been performed.  As a result, the Court finds that the attorneys' total hours should be reduced by 5% due to not exercising billing judgment.

The attorneys' hours are reduced by 5% as follows:

> Clayton Craighead: 294.4 hours
> Sarah Richey: 278 hours
> Eric Ruiz: 35.1 hours
> Sara Rehem: 12.7 hours

3

The second step in the analysis is to ascertain an appropriate hourly rate.  *See, e.g.*, *Jimenez*, 621 F.3d at 380.  The party requesting the fee must show that the requested rates are "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *DaSilva v. U.S. Citizenship & Immigr. Servs.*, 599 F. App'x 535, 543 (5th Cir. 2014) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 (1984).  "The relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which this district court sits." *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002); *accord McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011).

Here, the Plaintiff's attorneys provide their own affidavits and a booklet for the Eastern District of Texas with the prevailing rates in this area of practice.  Given their time in practice, the number of cases on these types of issues, and the expertise witnessed by the judge in this case, the rate of $550 per hour for Sara Richey and Clayton Craighead is appropriate and reasonable.  The rate of $275 per hour for Eric Ruiz is also appropriate and reasonable.  Additionally, $80 an hour for a paralegal's services is an appropriate and reasonable hourly rate.

The Court will use the above information to calculate the lodestar.  *Tollett*, 285 F.3d at 367.

The lodestar, therefore, will be calculated as follows:

Clayton Craighead: 294.4 hours x $550/hour = $161,920.00
Sarah Richey: 278 hours x $550/hour = $152,900.00
Eric Ruiz: 35.1 hours x $275/hour = $9,652.50
Sara Rehem: 12.7 hours x $80/hour = $1,016.00

This fixes the lodestar amount at $325,488.50.

Once the lodestar is calculated, the party seeking a reduction of the lodestar figure bears the burden of showing a reduction is warranted.  *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 329 (5th Cir. 1995).  After determining the lodestar figure, the Court may adjust it upward or

downward based upon the respective weights of the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974); *Jimenez*, 621 F.3d at 380 (citing *Johnson*, 488 F.2d at 717–19).   Enhancement of the lodestar amount, however, "is appropriate only in certain 'exceptional' cases—those in which there is a substantial risk of not prevailing, or in which the issues are so novel or complex that the lodestar amount awarded would not provide a reasonable fee that would adequately reflect the quality of the representation." *Von Clark v. Butler*, 916 F.2d 255, 260 (5th Cir. 1990) (citing *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 566–67 (1986)); *Shipes*, 987 F.2d at 320.

Here, the case before the Court is not an exceptional one.   Therefore, no adjustment is necessary.

## II.   Court Costs

Plaintiff also seeks costs associated with this litigation.   "In any action or proceeding under [42 U.S.C. § 2000e] the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person."   42 U.S.C. § 2000e-5(k).   The Plaintiff filed a Summary of Costs with the Motion, which the Defendants did not dispute.   [Dkt. 80-1 at 1–2].   Plaintiff seeks to recover an additional $4,701.37 for costs.   Plaintiff's Motion is granted as to Plaintiff's request for costs, as provided by law.

## III.   Post-Judgment Interest

Plaintiff's final request is for post-judgment interest on an award of attorneys' fees and costs.   [Dkt. 80 at 6].   An award of fees and costs accrues interest from the date of the judgment

that establishes the right to the award of fees and costs.  *La. Power & Light Co.*, 50 F.3d at 326; *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827, 835 (1990).  Defendant does not object to Plaintiff's request for post-judgment interest.  Plaintiff's Motion is granted as to Plaintiff's request for post-judgment interest, as provided by law.  The post-judgment interest will begin to accrue from the date of entry of the Court's final judgment.

## IV.     Conclusion

It is therefore **ORDERED** that the Plaintiff's Motion for an Award of Reasonable Fees and Costs [Dkt. 80] is hereby **GRANTED**.  The Court **AWARDS** the reasonable lodestar fee of **$325,488.50** and reasonable costs of **$4,701.37**.  It is **FURTHER ORDERED** that post-judgment interest shall be awarded and will begin to accrue from the date of entry of the Court's final judgment.

**SIGNED this 28th day of March, 2023.**

_____
Michael J. Truncale
United States District Judge