IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION
CIVIL ACTION NO. 1:20-CV-00460
JUDGE MICHAEL J. TRUNCALE

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

AUG 28 2026

BY
DEPUTY__________________

KIMBERLY HARMON,
Plaintiff,
v.
TEXAS DEPARTMENT OF CRIMINAL JUSTICE, and BRYAN COLLIER, in his official capacity as Executive Director,

**Response to Dispute the Attorney's Fees Lien and Claimed Interest**

I, plaintiff Kimberly Harmon as the prevailing party, respectfully is before the Court in this **Response and Dispute of the Attorney's Fees Lien and Claimed Interest in the Notice** that Attorneys Sara Richey and Clayton Craighead filed on 08-18-2026. I am requesting for the Court to reserve my rights for reasonable attorney fees. I ask to deny their request for an Attorneys Lien and Claimed Interest, and apply the reasonable attorney fees(associated with any judgment and appeals or any related attorney's/cost) to Defendants TDCJ, et al, the responsible party, who was found liable for discrimination and retaliation, for the wrongful termination and failure to rehire. Due to many factors, I decided for a withdrawal of legal representation from counsel, and with good cause, as of 08-17-2026.

I. **The 5th Circuit Court of Appeals Opinion** issued on 11-04-2025 case No. 23-40342(pg 38-39, at 17,18) states "Front pay is an equitable remedy and the district court must determine whether front pay is available before submitting the issue to the jury..Thus, the district court denied Harmon's motion for front pay because" Harmon did not plead for a request for front pay under the Rehabilitation Act in her complaint ".(at 18 side note) "Even assuming this was error, we lack jurisdiction to correct it because Harmon did not cross-appeal." It goes on to say, "The parties have not briefed how Texas ERS benefits work or whether Harmon would lose any ERS or her related benefits due to her termination. The district court also did not address this although it considered the issue before denying the motion for front pay." "Therefore the district court should assess the appropriate amount of ERS benefits that may be included as backpay and remit the jury's $1 million accordingly. If the district court remits the backpay award, Harmon may accept remittitur or opt for a new trial on the issues of damages." The court later remitted the backpay to $227,000.

II. **District Court proceedings after Appeal Decision**
On 01-09-2026 a Status Conference was held for a motion for miscellaneous relief filed on 11-24-2025. I was present, in-person for the hearing and remand. As I recall, near the end of the arguments by the parties, the Court asked on 01-09-2026 if I could go back to work at TDCJ. Defendant's counsel answered that I didn't want to be reinstated (from a

testimony from years prior to). The answer from Counsel left the district Court's question on that current day of 01-09-2026 without the proper assessment of reinstatement.
**Other Court proceedings then followed.**
On 04-02-2026, the Court issued the order on Motion for Miscellaneous Relief.
On 06-22-2026, the Court granted the Motion for a Settlement Conference and order referring the case to Magistrate Judge Hawthorn.
On 06-29-2026, the Court ordered a Motion for an extension of time to file.
On 07-08-2026, Mediation was held at Jack Brooks Federal Building, 300 Willow Street, Beaumont, Tx 77701.
On 08-18-2026, Motion to Withdraw as Attorney.
On 08-18-2026, Notice (of Attorneys' Lien and Claimed Interest) filed by Attorneys Sara Richey and Clayton Craighead.
On 08-20-2026, Judge Hawthorn issued a Mediator's Report-was unable to reach a successful settlement.

**III. The District Court Assessment of Availability of the ERS benefits as Backpay.**
The Court issued an assessment of the ERS lifetime benefits, (document #131,pgs.3-4). The court explained, "that under the Texas Government Code section 814.104-for State Custodial Officers, become "eligible to retire and receive a service retirement annuity" once they reach 55 years of age and accumulate "at least 10 years of service credit as a . . . custodial officer." See Tex. Gov't Code § 814.104(b).
Service credit is given for "each month in which a member holds [the applicable] position and for which the required contributions are made by the member and the state." "Id.§813.201(a). Hence, employees do not necessarily obtain service credit for each month of employment. See id. Although Harmon had worked for the Department for almost nineteen years when she was terminated, she had not accumulated ten years of service credit. [Dkt. 76-2 at 6]. Harmon's statement of retirement benefits, presented as evidence at trial, indicates that she only had six years and nine months of service credit as of June 2016.2 See id. Even if Harmon obtained service credit for the remainder of her tenure with the Department, she would still not have enough to be eligible for an annuity. See § 814.104(b) and " She still needed to accrue at least one more year of service credit and reach the age of 55 before she could become entitled to receive an annuity of any value. See [Dkt. 76-2 at 6]; § 814.104(b). Additional contingencies would need to occur for Harmon to receive an annuity worth the amount that the jury awarded her in backpay. Harmon's annuity would reach a lifetime value of $861,965.47 only if she continued working for the Department through September 2029."
The Court also stated, " Confusingly, the statement also indicated that Harmon would be eligible for retirement "even if [she] stop[ped]working for the state today," provided she did not withdraw her retirement contributions before then. Id. at 3."

**IV. Explanation of how the ERS Retirement and Benefits works**
**(See-Reference from ERS.texas.gov)**
**ERS-Regular Account /State Retirement plan with eligibility of 5 years of service credit minimum to become Vested**, that has a cash-balance pension that's guaranteed to grow, no matter what happens in the market. It increases a minimum of 4% to 7%

yearly; and for every dollar employee contributes, the state matches one dollar and fifty cents (150%)
**LECOS- Law Enforcement and Custodial Officers Supplemental Account-provides enhanced and earlier retirement eligibility, additional** matches three dollars to every dollar contributed (300%) yearly. Meaning, the longer I would have waited to retire, e.g. the year 2038, the larger the annuity would be, much greater than the $861,965.47 shown in the 2016 ERS Statement because of the "guaranteed" increases and two extra years of service credits.
There was not a reply filed to the Court after 04-02-2026, by Attorneys Sara Richey and Clayton Craighead to explain the 2016 ERS benefits or show how it applies to my account or to address when the Court said,
"Confusingly, the statement also indicated that Harmon would be eligible for retirement "even if [she] stop[ped]working for the state today," provided she did not withdraw her retirement contributions before then. Id. at 3." **"As a result, the Court remits Harmon's damages to $227,000, "the uncontested amount of Harmon's backpay**".

**Continued Explanation**
I had a career as a Correctional Officer that started on August 3, 1998, with a retirement account with ERS of Texas that had a valuable Lifetime Annuity benefit, along with Health insurance. ERS, along with LECOS, allows state employees several ways to reach retirement at an earlier path, and with one way, **at any age**. The Court mentioned only one path,"10 years of service credits" and "at age 55". Here, I actually had a retirement account with ERS and I was a Group 1 State employee, hired prior to September 2009, where the minimum requirement of Service Credit to become **Vested is 5 years** of **Service**. My 2016 ERS Statement showed that I was Vested with 6 years, 9 months. Meaning that the earliest path that I was to take (prior to me being wrongfully terminated) to approach the **August 30, 2029 date (at the earliest) with 20 years of LECOS Service Credits, would allow me to retire at age 51** and with the 10 years minimum to be eligible for Health Insurance. That path is (3) three years or less from today.
The fact that I was wrongfully terminated from TDCJ in 2018, I had financial hardship and had to withdraw my ERS account, I lost my retirement and other benefits. The termination gave me the opportunity to access ERS to make the withdrawal for the financial hardship. This also would have explained to the Court how the termination caused me to lose my ERS and related benefits and prevented me from additional years of service and contributions to my ERS account .
The jury was asked, "what sum of money, [if paid now in cash], would fairly and reasonably compensate Plaintiff Kimberly Harmon for the damages if any, you found Defendants Texas Department of Criminal Justice caused Plaintiff Kimberly Harmon?"... "Wages and Benefits from May 31, 2018 to April 7, 2022"?.
The jury then answered, "$1,000,000". Here, someone can conclude that " if paid now in cash" represents the "present value" of the wages and benefits from May 31,2018 to April 7, 2022. There were nine jurors who agreed to that amount that would " fairly and reasonably compensate" me for what I lost during that time,which was the backpay

salary and related benefits,and the ERS account due to the termination that gave access to a withdrawal.

A Front pay award would have been the day after trial, 04-07-2022 to a date in the future, which is 08-30-2029 e.g., at the earliest for retirement. I lost years of future salary increases of 5% or estimated average of $60,000/yearly, Health benefits,and the Lifetime Retirement benefits including the "guaranteed" increases of the ERS/LECOS matched contributions.

**V. Conclusion**

On 08-18-2026 Attorneys Sara Richey and Clayton Craighead filed Notice of Attorneys' Lien and Claimed Interest on any Judgment or Settlement( as in equity), that I'll receive out of this lawsuit. The fact that as of the date of this dispute, I plaintiff Kimberly Harmon, the prevailing party, has not yet received equitable relief damages (to be made whole) as a remedy in which I sought during this court litigation. As mentioned above, their Notice to ask the Court for the Lien and Claimed Interest.My reply in this dispute, comes in light of:

- **The District Court said that (Plaintiff Attorneys) " did not plead for a request for front pay", on 04-02-2026 "the Court denies Harmon's renewed motion for front pay(dkt.#131,p.5 at 3)**
- **The 5th Circuit Court of Appeals said that (Plaintiff Attorneys) " Harmon did not cross-appeal" to correct district court denial of front pay;"**
- **The 5th Circuit Court of Appeals Opinion issued on 11-04-2025 that said "(Plaintiff's Attorneys)"the Parties have not briefed how Texas ERS benefits work or whether Harmon would lose any of her related benefits due to her termination ";**
- **No Reply to the District Court's "Assessment of Availability of the ERS Benefits" on 04-02-2026, to explain how the termination gave access for withdrawal or show how it works along with my 2016 ERS Retirement Statement.**
- **Mediation that was held on 07-08-2026, that was unsuccessful prior to the withdrawal of counsel for legal representation on 08-17-2026.**

**Prayer,**

I Plaintiff Kimberly Harmon, am requesting for the Court to **Deny the Attorney's Fees Lien and Claimed Interest Judgement and Proceeds in the Notice filed by Attorneys Sara Richey and Clayton Craighead on 08-18-2026**. I ask for the Court to reserve my rights to be awarded reasonable attorneys' fees as a prevailing party and to apply those reasonable attorney's fees associated with any judgment or settlement, appeals or any future related attorney's/cost, to Defendants TDCJ, et al, the responsible party who was found liable for discrimination and retaliation for the wrongful termination and failure to rehire.

Respectfully submitted and to the best of my knowledge,

Kimberly Harmon

Kimberly Harmon, Plaintiff.
2701 14TH Street
Port Arthur, Texas 77640